IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02924-BNB

MAURICE E. LINDSEY,

     Plaintiff,

v.

LIEUTENANT JOHN DOE,

     Defendant.

_____

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF AND
FOR TEMPORARY RESTRAINING ORDER

_____

This matter is before the Court on two motions Plaintiff, Maurice E. Lindsey, filed

*pro se.* The motions are titled (1) "Emergency Injuction [sic]" (ECF No. 2) filed on

November 9, 2011, and supplemented on December 5, 2011 (ECF No. 5) and January

31, 2012 (ECF No. 12), and (2) "Motion for Contempt of Court Order to Show Cause"

(ECF No. 8) filed on December 28, 2011.

In the November 9 motion for injunctive relief, Plaintiff asks for (1) an order

separating him from staff, (2) mental treatment, and (3) transfer to a mental hospital in

order to protect him from involuntarily assaulting staff. He makes the vague and

conclusory allegation that "without treatment" he believes he involuntarily could "do

harm." ECF No. 2 at 1. In an attachment to the November 9 motion, he contends he

has a "lifelong history of harming females" due to an untreated mental disorder and that

he has requested separation from female prison staff and a transfer to a medical prison

for diagnosis and treatment. *Id.* at ex. 1. In the supplement to the November 5 motion,

he notes he has past domestic violence and assault charges, and he seeks separation from a corrections officer, Staff Officer S. True.  In the January 31 supplement, he complains that he has been denied protective custody despite receiving verbal threats of assault and rape.

In the December 28 motion for contempt of court and to show cause he asks for a hearing on why an order to show cause should not be issued finding the Bureau of Prisons and a Dr. Carter in contempt of court for not making a diagnosis of him at a medical center.  Dr. Carter is named as the defendant in the complaint (ECF No. 1) Mr. Lindsey originally filed, but Dr. Carter is not a defendant in the amended complaint (ECF No. 9) currently before the Court.  On February 23, 2012, Mr. Lindsey was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without an initial partial filing fee (ECF No. 19).

The Court must construe the motions liberally because Mr. Lindsey is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motions will be construed liberally as a motion for injunctive relief and/or for a temporary restraining order, and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a

party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.*  Because Mr. Lindsey is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Mr. Lindsey's allegations are speculative or concern past events and do not appear to have any relevance to the allegations made in the amended complaint.  Mr. Lindsey does not demonstrate a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury if no preliminary injunction is issued; that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party; or that a preliminary injunction would not be adverse to the public interest. Therefore, the motions for injunctive relief and/or a temporary restraining order will be denied.

Accordingly, it is

ORDERED that the motions titled "Emergency Injuction [sic]" (ECF No. 2) filed on November 9, 2011, and "Motion for Contempt of Court Order to Show Cause" (ECF No. 8) filed on December 28, 2011, that Plaintiff, Maurice E. Lindsey, submitted *pro se* to

the Court, are construed liberally as a motion for injunctive relief and/or for a temporary

restraining order, and denied.

DATED at Denver, Colorado, this  27th  day of    February         , 2012.

BY THE COURT:


     s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court