IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02924-CMA-BNB

MAURICE E. LINDSEY,

Plaintiff,

v.

CARTER, Duty Doctor Psychologist,

Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the following:

(1)   The plaintiff's **Motion for Order Granting** [Doc. #42, filed 06/13/2012] (the "Motion for Order"); and

(2)   The defendant's **Motion for Summary Judgment, and Memorandum Brief in Support Thereof** [Doc. #52, filed 09/18/2012] (the "Motion for Summary Judgment").

I respectfully RECOMMEND that the plaintiff's Motion for Order [Doc. # 42] be DENIED and the defendant's Motion for Summary Judgment [Doc. # 52] be GRANTED.

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Florence, Colorado. He filed his Second Amended Complaint on April 13, 2012 [Doc. #28] (the "Complaint"). On May 7, 2012, the court dismissed all defendants and all claims except Claim Three against Dr. Carter. Claim Three alleges that Dr. Carter denied the plaintiff proper mental health evaluation and treatment, resulting in increased depression, thoughts of suicide, and other psychological effects. *Complaint*, p. 6.

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## PLAINTIFF'S MOTION FOR ORDER

The plaintiff seeks "to be granted single cell status" while in protective custody; outdoor recreation periods on Saturday, Sunday, Monday, Tuesday, Wednesday, and Thursday from 2:00 to 3:00 p.m.; a regular shower schedule; access to the law library daily for two to three hours; access to legal copies; access to the barber shop "as needed"; and access to the telephone system during regular business hours "Sunday through Saturday as needed."  I construe the Motion for Order as a request for injunctive relief.

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on the movant to establish his right to the relief requested.  Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.  Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear and unequivocal.  Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored: (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991). "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004). The plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.[1] Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." Id. at 976.

The plaintiff does not discuss the Lundgrin factors. Consequently, he has not sustained his burden to establish clearly and unequivocally his right to injunctive relief. The Motion for Order [Doc. # 42] should be denied.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant seeks summary judgment based on the plaintiff's failure to exhaust his administrative remedies. In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress &

---

[1] Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d at 1099. Injunctions that disturb the status quo alter the parties existing relationship. Id. at 1100. "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." Id. (emphasis in original).

Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

Because the plaintiff's claim challenges his prison conditions, it is governed by the Prison Litigation Reform Act (the "PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both.  Booth v. Churner, 532 U.S. 731 (2001).  The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  Id. at 741 n.6.

The BOP has a four-tiered administrative procedure for inmate grievances, which is codified at 28 C.F.R. 542.10 *et seq*.  *Motion*, first attachment, ¶ 6.  The procedure generally requires that an inmate first attempt to reach an informal resolution of his complaint.  28 C.F.R. § 542.13.  If that effort is unsuccessful, an inmate then may submit a formal written Administrative Remedy Request on the appropriate form (BP-9) for review by the Warden of an issue which relates to the conditions of confinement.  Id. at §§ 542.10, 542.14.  In addition:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15.

To exhaust administrative remedies, a federal prisoner must complete all three formal steps by filing an administrative remedy request with institution staff, followed by regional and national appeals.  28 C.F.R. §§ 542.14 - 542.15.

Grievances must be submitted within specific time frames. 28 C.F.R. §§ 542.14(a), 542.15(a). Ordinarily, a grievance must be submitted within 20 days of the date on which the basis of the grievance occurred. 28 C.F.R. § 542.14(a). An appeal to the regional level must be submitted to the Regional Director within 20 days of the date the response to the institutional level grievance is signed. 28 C.F.R. § 542.15(a). In addition, "[a]n inmate may not raise in an Appeal issues not raised in the lower level filings" and "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." 28 C.F.R. § 542.15(b)(2).

Benjamin Brieschke, Senior Attorney for the BOP, attests that the plaintiff has not exhausted his administrative remedies for the claim against Dr. Carter. *Motion*, first attachment, ¶¶ 12-13.

The plaintiff argues that he exhausted his administrative remedies prior to filing his Second Amended Complaint on April 13, 2012. *Plaintiff's Motion in Response to Defendant's Motion for Summary Judgment and Memorandum Brief in Support Thereof* [Doc. #59] (the "Response"), pp. 1-2. He attaches to the Response several documents to support his argument. The documents establish the following:

1. On November 1, 2011, the plaintiff submitted an Informal Resolution Form complaining that "[d]ue to mental health disorder and multiple past incidents of domestic violence against women whom have done me wrong, I need diagnosis of mental health issue and treatment for this continuing-ongoing unchecked issues of mental health disorder." When asked what resolution he expected, the plaintiff stated "[a] separation order from that reporting staff correction officer whom wrote that Discipline Report: 10-24-2011." Id. at p. 11.

2.  An unknown official responded that the plaintiff did not have a mental disorder which would render him incapable of controlling his behavior and that he would be receiving materials on anger management that he was expected to "work on diligently in [an] attempt to gain improved insight into better managing [his] behavior." Id. at p. 13.

3.  On November 30, 2011, the plaintiff submitted a Request for Administrative Remedy (BP-9). He stated that the issue was still not resolved because the facility could not treat him with "workbook questions." He requested a "six (6) month forensic evaluation at a medical center" and a "separation order for protection of inmate & staff." Id. at p. 16.

4.  On December 5, 2011, the plaintiff's BP-9 was rejected and returned to him because he requested relief for more than one issue. He was informed that he must submit a separate form for each issue and that he could resubmit his request in proper form within five days from the date of the rejection notice. Id. at p. 15.

5.  On December 8, 2011, the plaintiff resubmitted his BP-9, stating that the issue was still not resolved and a "separation order for protection is needed due to involuntary undiagnosed mental disorder." Id. at p. 19.

6.  On December 30, 2011, Warden Daniels responded that he had reviewed the plaintiff's request to be separated from the female staff member. He stated that "[t]he review revealed that per Psychology Services you do not have any mental disorder which would necessitate your need to be separated from the reporting female staff member. Furthermore, due to the quarterly rotation of staff, the reporting officer is no longer working . . . where you are currently housed." The Warden informed the plaintiff that he could appeal within 20 calender days of the response. Id. at p. 20.

7. On January 19, 2012, the plaintiff authored a Regional Administrative Appeal (BP-10). He stated that the issue was still not resolved and that he needed a separation order for protection "due to potential risk of involuntary harm to female corr. officer." He further stated that he had been prescribed psychotropic medications which he was refusing to take due to the side effects and "[b]latantly to necessitate my mental disorder psychotropic medication were & have been prescribed by psychiatrist: if there is nothing wrong with my mind & mental state then why the prescribed meds." Id. at p. 23.

8. On January 25, 2012, the Regional Office rejected the plaintiff's appeal stating that it was untimely because it was not received within 20 days of the Warden's response and that the 20 day time period included mail time. Id. at p. 22.

9. On January 27, 2012, the plaintiff authored an appeal to the Central Office (BP-11). He stated that the issue still was not being addressed. He again requested a separation order from the female officer and asked why, if he has been prescribed psychotropic drugs, does he not have a mental disorder. Id. at p. 26.

10. On March 1, 2012, the plaintiff's BP-11 was rejected because the plaintiff's Regional Appeal was untimely. The Rejection Notice informed the plaintiff that "[s]taff must verify on BOP letterhead the reason(s) for which your untimely submission is not your fault. Correct deficiency & resubmit to Region."

There is no evidence that the plaintiff resubmitted his BP-10 to the Regional Office. Therefore, there is no evidence that the plaintiff exhausted his remedies as to any of the issues presented in these grievances.

Moreover, although the plaintiff's Informal Resolution Form states that he needs a "diagnosis of mental health issue and treatment for this continuing-on going unchecked issues of mental health disorder," and his BP-9 requested "a six month forensic evaluation at a medical center," none of the plaintiff's grievances complain that Dr. Carter denied him an evaluation. To the contrary, he appears to be seeking the evaluation for the first time through the grievance process.

The plaintiff has failed to create a material fact dispute regarding whether he exhausted his administrative remedies. A dismissal based on failure to exhaust should be without prejudice where the time for pursuing administrative remedies has not expired and the inmate can cure the defect by simply exhausting the available remedies. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003), *overruled on other grounds*. See also Mitchell v. Figueroa, No. 12-6051, 2012 WL 2877461 (10th Cir. July 16, 2012) (affirming the district court's grant of summary judgment to the defendants and dismissal of unexhausted claims without prejudice). The plaintiff claims that Dr. Carter has denied him proper mental health evaluation and treatment since October 24, 2011. *Complaint*, p. 9. Therefore, the plaintiff's 20 day time limitation for filing a grievance against Dr. Carter has passed, and the plaintiff is time-barred from filing a grievance on this issue. The defendant is entitled to summary judgment, and the plaintiff's claim should be dismissed with prejudice.

## CONCLUSION

I respectfully RECOMMEND:

(1)  The plaintiff's Motion for Order Granting [Doc. #42] be DENIED;

(2)  The defendant's Motion for Summary Judgment, and Memorandum Brief in Support Thereof [Doc. #52] be GRANTED; and

(3)  The plaintiff's claim be DISMISSED WITH PREJUDICE.[2]

Dated November 19, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).